**WO**

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Michael David Wilkins,<br><br>       Plaintiff,<br><br>  v.<br><br>Jo Anne B. Barnhart,<br>Commissioner, Social Security<br>Administration,<br><br>       Defendant. | CIV-06-0676-PHX-SMM<br><br>**MEMORANDUM OF DECISION**<br>**AND ORDER** |

Pending before the Court are Plaintiff[1] Michael Wilkins's Motion for Summary Judgment (Doc. 11) and Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration's Cross-Motion for Summary Judgment (Doc. 15). After consideration of the arguments advanced by the parties, the Court finds the following.

## BACKGROUND

As a preliminary matter, the Court takes Judicial Notice of the transcript of the administrative proceedings.[2]

**Procedural History**

On March 24, 2003, Plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (91-93) wherein he alleged disability since February 27, 2002, because of an industrial accident involving his left foot, right foot problems, and chest

---

[1] The words plaintiff and claimant are used interchangeably in this opinion.

[2] A court may take judicial notice of "records and reports of administrative bodies." *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953).

pain. (Tr. 66). The DIB application was denied initially and again upon reconsideration. (Tr. 26-29, 32-34). An Administrative Law Judge (ALJ) hearing was held on April 1, 2004, wherein the Plaintiff and her attorney were present. The ALJ issued a partially favorable decision on July 25, 2005, finding that Plaintiff had been disabled from February 27, 2002, through February 27, 2003, but not thereafter. (Tr. 10-21). Subsequently, Plaintiff requested administrative review (Tr. 12), however, the Appeals Council declined, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Plaintiff filed the instant Motion for Summary Judgment on June 27, 2006. (Doc. 11). On July 31, 2006, Defendant filed a Response to Plaintiff's Motion for Summary Judgment, as well as a Cross-Motion for Summary Judgment . (Doc. 15). Thereafter, Plaintiff filed a Response to Defendant's Cross Motion for Summary Judgement and Reply in Support of Plaintiff's Motion for Summary Judgment on August 17, 2006. (Doc.18). The motions are now fully briefed and ripe for disposition by this Court.

**Relevant Background Regarding ALJ's Decision**

The ALJ determined that during the period from February 27, 2002 to February 27, 2003, the Plaintiff was unable to perform even sedentary work[3]. (Tr. 16, 20). Moreover, the ALJ found that during that period of time, Plaintiff was equally unable to perform his past relevant work or other work in the national economy. Accordingly, the ALJ concluded that during that period of time, pursuant to the Social Security Act, Plaintiff was disabled. (Tr. 16, 20).

Thereafter, the ALJ found that Plaintiff had in fact experienced marked medical improvement. (Tr. 16, 20). See generally, 20 C.F.R § 404.1594(b)(1) (2005). More specifically, given a complete review of the entire evidentiary record, the ALJ found that on February 27, 2003, Plaintiff regained the residual functional capacity (RFC) to perform

---

[3] *Sedentary work* involves lifting no more than ten pounds at a time, and occasionally lifting or carrying articles such as docket files, ledgers, ad small tools; a sedentary job is defined as one which involves sitting, although a certain amount of walking and standing is often necessary. 20 C.F.R § 404.1567(a) (2005).

2

sedentary work. The record indicates that the Plaintiff is able to lift and carry 20 pounds occasionally, stand and/or walk three to four hours in an eight hour day, but is unable to squat, stoop, or climb ladders. Based on this RFC, the Plaintiff is clearly unable to perform his past relevant work in construction.

The Plaintiff's age, education, and vocationally relevant past work experience must be viewed in conjunction with the Medical-Vocational Guidelines found at Appendix 2, Subpart P, Regulations No. 4, which contains a series of rules that may direct a conclusion of either "disabled" or "not disabled" depending on the Plaintiff's RFC and vocational profile. When all of the criteria of a Medical-Vocational Rule are met, the existence of occupations in the national economy is satisfied by administrative notice. Applying the Plaintiff's medical and vocational characteristics as of February 27, 2003, to the above cited guidelines, Medical-Vocational 201.21 directs a finding of "not disabled". Therefore, the ALJ found that since February 27, 2003, there have been a significant number of jobs existing in the national economy the Plaintiff can perform. Accordingly, the ALJ found that the Plaintiff was under a disability as defined by the Act and the Regulations, from February 27, 2002 to February 27, 2003, but not thereafter.

## STANDARD OF REVIEW

When deciding a Social Security appeal, the decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *See Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). When reviewing factual determinations by the Commissioner, acting through the Administrative Law Judge, this Court affirms if substantial evidence supports the determinations. *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is more than a mere scintilla, but less than a preponderance. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). Substantial evidence is relevant evidence which a reasonable person might accept

as adequate to support a conclusion when the entire record is considered.. *Howard*, 341 F.3d at 1011; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the Commissioner. *See Batson*, 359 F.3d at 1193; *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *See Benton*, 331 F.3d at 1040; *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *See Edlund*, 253 F.3d at 1156; *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## DISCUSSION

Plaintiff raises three distinct arguments against the ALJ's decision to deny benefits to the Plaintiff for any period of time subsequent to February 27, 2003. First, he contends that the ALJ improperly determined the closed period of benefits he granted to Plaintiff (and failed to grant a trial work period); next he argues that the ALJ erroneously failed to grant an ongoing period of disability based on the opinion of the Plaintiff's treating physician; and finally, Plaintiff asserts that the ALJ improperly rejected the credibility of the claimant. The Court will address each of the Plaintiff's arguments individually.

**I.      Period of Benefits/Trial Work Period**

The Plaintiff contends that the ALJ erred by improperly determining the closed period of benefits (February 27, 2002-February 27, 2003) granted to the Plaintiff. Plaintiff also contends that the ALJ erred because the Social Security Regulations "allow for trial work periods up to nine months in duration for each disability period". (Doc. 13). This was the extent to which the Court was able to extract an argument from the first section of Plaintiff's brief. The Plaintiff cites to two cases, neither one relevant or binding on this Court. Furthermore, Plaintiff failed to analyze either case as it applies to the case at bar or to set forth support for his argument pertaining to trial work periods. Once again, Plaintiff merely cites to the Code of Federal

Regulations, without including any analysis. The ALJ however explained the process by which it was determined that Plaintiff was found disabled. Further, the ALJ pointed to substantial evidence in the record to support the finding that during a routine review, Plaintiff was found to have made marked medical improvement. It is the Courts decision that based on the record, the period of disability determined by the ALJ is supported by substantial evidence.[4]

**II.     Treating Physician**

Plaintiff asserts that the ALJ's rejection of Dr. Perry's opinion is not based on substantial evidence and is an error in law.

Social Security regulations require that the ALJ give "controlling weight" to the medical opinion of an applicant's treating physician, so long as that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record. 20 C.F.R. § 404.1527(d)(2). Generally, the more consistent an opinion is with the record as a whole, the more weight the Social Security Administration will give to that opinion. 20 C.F.R. § 404.1527(d)(4). Furthermore, an ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 949, 958 (9th Cir. 2002). Here, the ALJ does not accord the opinion of Dr. Perry significant persuasive weight because while it is evident that the Plaintiff has some residual pain, the objective evidence of record does not substantiate a finding of pain at a moderately severe level as attested to by Dr. Perry. Moreover, no other treating physician has indicated that the Plaintiff suffers from fatigue at the level indicated by Dr. Perry. The following is a synopsis of the opinions of, and related information regarding, Plaintiff's treating physicians relied on by the ALJ:

---

[4] The Court takes notice that in the last sentence of the Plaintiff's first argument it appears as though Plaintiff is conceding that "between the release by Dr. Graves in January 2004 and the complaints of low back pain in August of 2004, there would have been too much time for an extension of the trial work period from the disability related to the lower extremities."

Plaintiff first had surgery on his left ankle in June, 2002. By August 2002, Dr. Graves, Plaintiff's treating orthopedist, noticed marked improvement in Plaintiff.[5] By February, 2003, Dr. Graves indicated that Plaintiff's condition was permanent and stationary. He opined that the Plaintiff could stand for three to four hours and could lift and carry approximately twenty pounds on an occasional basis; Plaintiff was unable to squat, stoop, or climb a ladder. On February 27, 2003, Plaintiff reported that he was feeling better as a result of his orthotics, and his RSD symptoms were gone. Despite the fact that Plaintiff was attending school in September 2003, he opted to undergo further surgery on his left ankle. Just prior to his second left ankle surgery, Plaintiff reported that he was attending classes and wanted to continue attending classes through the recovery period; he also requested that surgery be done on a Friday so as to allow him to return to class on Monday. (Tr. 17). After his second surgery, Dr. Graves returned Plaintiff to a stationary status on January 8, 2004, with unchanged restrictions. (Tr. 15-16). Given the opinion of Dr. Graves, and the fact that the Plaintiff continued to attend school, the ALJ found the Plaintiff's left foot impairment for this period of time did not prevent the claimant from engaging in basic work functions and therefore did not render him disabled. Furthermore, he found that it did not cause Plaintiff pain rising to the level of moderately high, as opined by Dr. Perry.

In April 2002, the Plaintiff underwent surgery on his right ankle. Examination on July 22, 2003, by Richard Lane, M.D., an orthopedic surgeon, disclosed good range of motion without effusion or crepitus. Radiological testing revealed good joint space with no recurrence of the anterior tibial spur and no degenerative changes. Plaintiff complained of pain only after being on his feet for a long period of time. Consequently, Plaintiff's ankle joint was injected with a steroid solution which provided the Plaintiff with relief within minutes. He was then able to walk without pain and his range of motion was even better. On October 21, 2003, ankle range of motion was excellent, without swelling. On May 4, 2004, Plaintiff received another steroid

---

[5] On August 8, 2002, Dr. Graves noted the Plaintiff doing well, and his wounds were healing nicely without signs of infection.

injection after which time he was walking around free of discomfort in his right ankle. The ALJ opined that after reviewing the records of Dr. Lane, Plaintiff's right ankle impairment is non-severe, and has not prevented the performance of work-related activities at any time during the period under adjudication. (Tr. 18). Here again, the objective medical evidence supports the finding of the ALJ, not the contention that Plaintiff suffered moderately severe pain and fatigue.

On August 1, 2004, Plaintiff presented to the emergency room with complaints of low back pain that had been persisting for six weeks. The Plaintiff had no pain to palpation of the thoracic or lumbar spine and no focal weakness. However, straight leg raise was a positive on the left, and deep tendon reflexes were hyper-reflexive in the left lower extremity. (Tr. 18). The diagnosis was lumbar radiculopathy. On September 27, 2004, Dr. Willis, the Plaintiff's neurosurgeon, diagnosed him with persistent left radiculopathy with left L4-5 lateral recessed stenosis, refractory to conservative treatment. On November 4, 2004, the Plaintiff underwent a procedure on his lower back. On November 22, 2004, in a post-operative examination, Dr. Willis, indicated that the Plaintiff's leg pain had significantly improved, as had his functional capacity and ability to walk. On January 3, 2005, Dr. Willis noted that notwithstanding some minor intermittent, infrequent left buttock pain, Plaintiff's radiculopathy had resolved and he was making excellent progress. Based on the records of Dr. Willis and the objective medical evidence, the ALJ concluded that the Plaintiff's back impairment failed to meet the durational requirements of 12 consecutive months.

Furthermore, the ALJ's decision reveals that he properly considered the respective expertise of each of the treating physicians. *See* 20 C.F.R 404.1527 (d)(5)(2005). The ALJ also properly considered the lack of objective evidence supporting Dr. Perry's opinion, and its inconsistency with the remaining record evidence. The ALJ gave significant weight to the opinions of Dr. Graves, Dr. Willis, and Dr. Lane, each of them treating physicians of the Plaintiff

7

1 who specialize in their respective fields.[6] Those opinions, unlike the opinion of Dr. Perry, were consistent with the substantial evidence of the record and were therefore awarded significant weight pursuant to 404.1527(d)(4).

Citing specific and legitimate reasons, the ALJ properly determined that each of the aforementioned treating physicians opinions were entitled to more weight than Dr. Perry's opinion because they conveyed specific findings as they pertained to the specific allegations of disability. The findings set forth in the opinions relied on by the ALJ constitute substantial evidence of Plaintiff's ability to function in certain working environments. Thus, the ALJ did not commit error by awarding their opinions greater authority than the general notes of Plaintiff's family practitioner physician, Dr. Perry, which reflected little evidence of treatment for Plaintiffs muskuloskeletal complaints. Accordingly, the Court finds that the ALJ's determination in this respect is supported by substantial evidence and is affirmed.[7]

### III. Plaintiff's Credibility

Plaintiff asserts that the ALJ improperly discredited his subjective allegations and committed error by failing to articulate clear and convincing reasons therein. The Court disagrees[8].

For the ALJ to reject Plaintiff's subjective complaints, he must provide "specific, cogent reasons for the disbelief." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995) (quoting *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir.1990)). Without affirmative evidence showing that the Plaintiff is malingering, the Commissioner's reasons for rejecting the Plaintiff's testimony must be clear and convincing. *See Lester,* 81 F.3d at 834; *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th

---

[6] *Specialization*. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist. 20 C.F.R. § 404.1527(d)(5)(2005).

[7] Plaintiff also briefly raised the issue of reentitlement. Plaintiff contends that the ALJ should have considered reentitlement. However, the Court interprets the record to find that Plaintiff's entitlement ended before any period in which he actually performed and trial work.

[8] The ALJ found Plaintiff's allegations credible to the extent that Plaintiff was precluded from working during the period from February 27, 2002 to February 27, 2003.

8

Cir.1989). If an ALJ finds that a Plaintiff's testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive. *See Bunnell v. Sullivan,* 947 F.2d 341 (9th Cir.1991). The ALJ must specifically identify what testimony is credible and what testimony undermines the Plaintiff's complaints. *See Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999); *Lester,* 81 F.3d at 834; *Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir.1993); *Varney v. Secretary of Health and Human Services,* 846 F.2d 581, 584 (9th Cir.1988). In this regard, questions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary. *See Yuckert v. Bowen,* 841 F.2d 303, 307 (9th Cir.1988); *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir.1982).

The ALJ refused to accept Plaintiff's allegations regarding the degree of his impairment because Plaintiff's daily activities are incongruent with his allegations of impairment. Plaintiff testified that he regularly participates in household chores, cooks, washes dishes, and vacuums. He takes care of his own personal needs and has a driver's license, although he does not drive. Plaintiff admitted the ability to attend classes three nights weekly. Further, the ALJ found it noteworthy that prior to his final ankle surgery, Plaintiff requested that surgery be scheduled on a Friday to allow him to return to school the Monday following ankle surgery.

The ALJ also properly considered the conflicts between the medical evidence referenced above and the Plaintiff's subjective complaints of disability[9]. If the ALJ's interpretation of the Plaintiff's contentions is reasonable and supported by substantial evidence, even where a contrary finding may also be reasonable, it is not the Court's role to second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). If the evidence can support either outcome, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Court finds that the evidence in the record refutes Plaintiff's claims of disability, and further, that the ALJ properly advanced its reasons for discrediting Plaintiff's

---

[9] See Sec. II. Above.

9

claims. Therefore, the Court finds that the ALJ's decision is supported by substantial evidence. *See Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003).

## CONCLUSION

For reasons stated herein, the Court concludes that the decision of the ALJ is in fact supported by substantial evidence. *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). Therefore, summary judgment in favor of Defendant is appropriate as a matter of law.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Michael Wilkins's Motion for Summary Judgment (Doc. 11 ), is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion for Summary Judgment (Doc. 15), is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE COMMISSIONER AND AGAINST** Plaintiff Michael David Wilkins.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 22nd day of February, 2007.

Stephen M. McNamee
United States District Judge